FILED'08 SEP 29 0901 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARL D. CHROMY,                                          Civil No. 08-514-CL

    Plaintiff,                                   REPORT AND RECOMMENDATION

    v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Commission,

    Defendant.


CLARKE, Magistrate Judge.

    Plaintiff Karl Chromy brings this action pursuant to section 205(g) of the Social Security

Act, as amended (Act), 42 U.S.C. § 405(g), to obtain judicial review of an alleged Social Security

Administration Appeals Council (Appeals Council) denial of an application for disability on

February 28, 2008. The Commissioner moves to dismiss on the grounds that the court lacks

subject matter jurisdiction over the plaintiff's complaint and that principles of res judicata bar the

complaint (#13). For the several reasons set forth below, the Commissioner's motion should be

granted.

## BACKGROUND

In 1999 Chromy filed an application for disability benefits. On September 19, 2002, an administrative law judge (ALJ) found Chromy disabled as of September 1, 1998. Ray Decl. Ex. 1. On January 14, 2004, Chromy made an untimely request to the Appeals Council for review of the ALJ's decision. The Appeals Council determined that Chromy failed to establish good cause for filing late and denied Chromy's request for review. Ray Decl. Ex. 3. Chromy then made a second request to the Appeals Council for review, and again the Appeals Council denied the request informing Chromy, "a person may request review of an Administrative Law Judge's decision only once. Because you are not allowed to file a second request for review, we will take no action on it." Ray Decl. Ex. 5 at 1. In December 2004, Chromy filed a civil action in the District of Oregon appealing this decision. In 2006, the District Court dismissed Chromy's claim for lack of subject matter jurisdiction and the Ninth Circuit affirmed. Chromy v. Comissioner of Social Security, No. 04-1771-HU (D. Or. Apr. 4, 2006); see Ray Decl. Ex. 10-11.

In 2005, the Social Security Administration (SSA) sent a letter informing Chromy his benefits would be sent to a representative payee who would help Chromy manage his money. Ray Decl. Ex. 6. Chromy requested reconsideration, and the SSA reconsidered and affirmed its original decision. Ray Decl. Ex. 7. The ALJ affirmed this decision, and the Appeals Council denied review. Ray Decl. Ex. 8-9. On March 25, 2008, Chromy filed a civil action in the District of Oregon appealing the final decision. This action is still pending. See Chromy v. Commissioner of Social Security, No. 08-380-HA (D. Or. Mar. 26, 2008).

On April 30, 2008, Chromy filed this action, pro se, requesting review of an alleged decision by the Appeals Council issued on February 28, 2008. There is no record of this decision. See Ray

2 - REPORT AND RECOMMENDATION

Decl. Plaintiff appears to seek an appeal from the SSA decision on his original disability application, presumably the decision dated September 19, 2002, which was affirmed by the Ninth Circuit on June 1, 2006. Ray Decl. Ex. 10. On June 24, 2008, Defendant moved to dismiss on the grounds that the court lacks of subject matter jurisdiction and that the principle of res judicata bars the claim.

## STANDARDS

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses the court's subject matter jurisdiction. When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings but may review any evidence, such as affidavits and testimony, to resolve factual disputes about the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally in cases involving a plaintiff proceeding pro se, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).

## DISCUSSION

### A. The Federal Court Lacks Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant to Article III. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Thus, the court's

3 - REPORT AND RECOMMENDATION

power is limited to those subjects encompassed within a statutory grant of jurisdiction. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982);  see also Healy v. Ratta, 292 U.S. 263, 270 (1934) ("[That] which should actuate federal courts requires that they scrupulously confine their own jurisdiction to the precise limits which [a federal] statute has defined.").

The court's jurisdiction to review decisions by the Commissioner of Social Security is derived from § 405(g) of the SSA, which provides:

> Any individual, after any final decision of the commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing.

This provision empowers the court to affirm, modify or reverse the decision of the Commissioner only after the plaintiff has exhausted the appropriate administrative remedies.  20 C.F.R. § 404.900(b).

The federal court may review only the final decision of the Commissioner.  42 U.S.C. § 405 (g); 20 C.F.R. § 404.900(a)(5).  To obtain a final decision, the plaintiff must exhaust the administrative review process and comply with compulsory deadlines, as set forth by the SSA. First, there must be an initial determination concerning the plaintiff's application for benefits. Second, the plaintiff may ask for reconsideration if he is dissatisfied with the initial determination.  Third, the plaintiff may ask for a hearing before an administrative law judge (ALJ) if he is dissatisfied with the reconsideration determination.  Fourth, the plaintiff may

request that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.900(a)(1)-(4). The

decision of the Appeals Council is the last stage of the administrative review process. At the

timely conclusion of this stage, there is a final decision that may be reviewed by the federal court.

Id. § 404.900(a)(5).

The plaintiff must comply with the time requirements during all of the stages of the

review process, or he will lose the right to further administrative review and right to judicial

review. Id. § 404.900(b). Specifically, the plaintiff must file a request for Appeals Council

review within sixty days of receiving notice of the decision. 20 C.F.R. § 404.968. To request the

federal court to review the Appeals Council decision, the plaintiff must file a complaint in federal

court within sixty days after the date he receives the notice of the Appeals Council action. 20

C.F.R. § 404.981. There may be an exception if the plaintiff can show good cause for failure to

make a timely request for review. 20 C.F.R. § 404.900(b). In sum, if the plaintiff has not

exhausted the review process by requesting reviews at every stage or has failed to request

reviews in a timely manner without a showing of good cause at the conclusion of the

administrative review process, there is no final decision within the definition of the Act and the

federal court has no jurisdiction to review.

Chromy fails to identify a final decision on which this court may rely for jurisdiction. In

his complaint, Chromy's complete description of the alleged final decision is that it was issued on

February 28, 2008. Pl.'s Compl. 1. In response to Defendant's motion, Chromy provides the

following additional information regarding the alleged final decision:

> Defendant's representative/employee informed the Plaintiff of the Appeal's
> Council's "final decision" and considering the track record of the Defendant with

> the sending of the Plaintiff's notices to other addresses and then sitting on the notices until they are returned by said affiliates of the Defendant.
>
> . . . .
>
> [Defendant's attorney] states that the Plaintiff has not received any further "final decision" of the commissioner, [however] the employee of the Defendant is the person that stated that it was in the computer when the Plaintiff called the SSA 800 #; the Defendant's surrogate/employee caused this appeal.

Pl.'s Answer 2. Previously Chromy requested a review of the ALJ's decision on January 14, 2004. Ray Decl. Ex. 3. The Appeals Council dismissed the request because it was not filed in compliance with the sixty day deadline. It appears that Chromy believes that the SSA purposely withheld notice of a final decision, thus depriving Chromy of his right to appeal. Pl.'s Mem.; see Ray Decl. Ex. 3-5. Apparently, Chromy is filing this action in anticipation of another allegedly late notice of a final decision.

Defendant contends, and Chromy's record supports, that no decision as to Chromy was made on February 28, 2008. The record indicates the current status of all of Chromy's appeals: the appeal of the determination that Chromy was disabled has been affirmed by the Ninth Circuit; the appeal of the determination to send Chromy's money to a representative payee is pending in a different action in federal court. See Ray Decl. Ex. 11-12; Chromy, 08-0380-HA.

Chromy has failed to identify a final decision which the court may review. The record does not indicate that there is a "final decision" under the requirements of the Act, see supra, or that the Commissioner made a decision on February 28, 2008 regarding Chromy. Pursuant to the jurisdictional limitations created by 42 U.S.C. § 405(g), this court lacks subject matter jurisdiction.

B. Res Judicata Precludes Plaintiff from Re-Asserting His Claim

Chromy asserts that the Appeals Council made a decision regarding his appeal on February 28, 2008, although there is no record of such decision. Because Chromy asserts a review of his "original application" it is reasonable to assume that he is also referring to his appeal of this decision which he made in January 2004. Pl.'s Compl. 1.

Even if the Appeals Council had issued a decision on February 28, 2008 and Chromy had complied with the compulsory review procedures of the Social Security Act, the application is still barred from review under the principles of res judicata.[1] Res judicata precludes a party from re-litigating a claim that has already had its opportunity to be heard in court. Black's Law Dictionary defines the doctrine as "barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions." Black's Law Dictionary 1336-37 (8th ed. 2004). Res judicata applies to SSA decisions through 42 U.S.C. § 405(h) which provides, "the findings and decisions of the Secretary after a hearing shall be binding upon all . . . who were parties to such hearing." The Ninth Circuit interpreted Congress's intent in this section: "every claimant seeking benefits under the Social Security Act should be given only one opportunity to obtain the benefits accruing from an administrative system that guarantees a full panoply of procedural rights." Stuckey v. Weinberger, 488 F.2d 904, 910 (9th Cir. 1973) (footnote omitted). The "barrier to religitation" applies to administrative and judicial review. Id.

Here, it appears that Chromy seeks to appeal the same fully favorable decision of September 19, 2002, ALJ decision on his original application, which he appealed previously on January 14,

---

[1] In his motion to dismiss, the Commissioner uses the term "res judicata," which is synonymous with the term "claim preclusion." See Will v. Hallock, 546 U.S. 345, 354 (2006).

2004. Pl.'s Compl. 1; <u>Chromy</u>, No. 04-1771-HU. The Appeals Council dismissed his January 2004 request for review because Chromy appealed the decision over a year later and not within sixty day time period required by the Act. Ray Decl. Ex. 3 at 1. Undeterred, Chromy attempted to appeal to the District of Oregon for review, which dismissed the case for lack of subject matter jurisdiction as there was no final decision reviewable under the Act. The Ninth Circuit affirmed this decision. <u>Chromy</u>, No. 04-1771-GMK; <u>see</u> Ray Decl. Ex. 10-11. It is clear from the record that Chromy's case has been fully considered and reviewed. He has received the full benefits under the SSA as Congress desired. Chromy is precluded from re-litigating this issue.

## C. Chromy Seeks Relief That the Court Does Not Have Jurisdiction to Grant

The court's jurisdiction to review decisions by the Commissioner of Social Security is derived from § 405(g) of the Act, which empowers the court only to affirm, modify or reverse the decision of the Commissioner. 42 U.S.C. § 405(g). This is not, however, the relief sought by Mr. Chromy. In addition to his appeal of the Commissioner's decision on his application, Mr. Chromy asks the court to "mandate the SSA to clean the Plaintiff's SSA files of all false records and recalculation of all benefits from original application." Pl.'s Compl. 1. These actions are beyond the scope of the court's jurisdiction under the Act. If a court lacks jurisdiction, it is not in a position to act. <u>Toumajian v. Frailey</u>,135 F.3d 648 (9th Cir. 1998).

The majority of Chromy's response to the motion to dismiss consists of the same arguments made in Chromy's prior action which was affirmed by the Ninth Circuit. <u>See</u> <u>Chromy</u>, No. 04-1771-GMK. Chromy's other contentions - including that the ALJ is guilty of impersonating a judge and that Senator Wyden and Representative Blumenauer should be removed from office - are entirely without foundation.

8 - REPORT AND RECOMMENDATION

D. Conclusion

The federal court has no subject matter jurisdiction to hear this claim. Under 42 U.S.C. § 405(g), the federal court may only review a final decision of the commissioner which requires the plaintiff to follow the appropriate steps of review and within a timely manner, as set forth by the SSA. Although it is not clear from the complaint, it appears that Chromy is seeking review of the original, favorable decision that was made in 2002. Chromy may have sought review within sixty days of receiving the decision, but he waited over a year. The Appeals Council determined that he has not shown good cause to warrant an exception, and Chromy cannot seek further review under the Act.

Further, it appears from the record that Chromy has previously appealed the Commissioner's decision on his original application. Accordingly, his application has received a full and fair review, and the request for review is barred under the principle of res judicata. The District of Oregon and the Ninth Circuit have determined that the federal court does not have jurisdiction to hear this claim. Chromy, No. 04-1771-HU. Chromy may not seek further review of a matter that has already been litigated.

Chromy's request that the court order the SSA to clean his record is also outside the court's jurisdiction.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Commissioner's motion to dismiss (# 13) be granted.

9 - REPORT AND RECOMMENDATION

_**This recommendation is not an order that is immediately appealable to the Ninth Circuit**_

_**Court of Appeals**_. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order.

_**Objections to this Report and Recommendation, if any, are due by October 16, 2008. If objections**_

_**are filed, any responses to the objections are due within 10 days,**_ _see_ Federal Rules of Civil

Procedure 72 and 6. Failure to timely file objections to any factual determinations of the Magistrate

Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and

will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _29_ day of September, 2008.

MARK D. CLARKE
United States Magistrate Judge

10 - REPORT AND RECOMMENDATION